IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNN-MARIE DAWN MURPHY,

      Plaintiff,                                   24cv0784
                                                ELECTRONICALLY FILED

      v.

HUB PARKING TECHNOLOGY USA, INC.,

      Defendant/ Third-Party Plaintiff.

      v.

BRANDON MURPHY,

      Third-Party Defendant

### Memorandum Order on Motion to Dismiss

This is an action brought under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. Pending before this Court is Third-Party Defendant Brandon Murphy's Motion to Dismiss the Third-Party Amended Complaint filed by HUB Parking Technology USA, Inc. (HUB), pursuant to Fed. R. Civ. Pr. 12(b)(6), on the basis that the equitable claims advanced by Defendant/Third-Party Plaintiff HUB against Third-Party Defendant Murphy, are not cognizable under 29 U.S.C. § 1132(a)(3).[1]

---

[1] ERISA's civil enforcement mechanism, available to Plan Fiduciaries, states that: A civil action may be brought—(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; 29 U.S.C. § 1132(a)(3). *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253 (1993) (Equitable relief under must not be based upon violations of state court orders, but instead must be based upon a violation of the ERISA statute or the Plan).

1

Plaintiff, Lynn-Marie Dawn Murphy, the ex-wife of Third-Party Defendant, filed a one-count Complaint before this Court on May 29, 2024, under ERISA, 29 U.S.C. § 1132, alleging a claim of breach of fiduciary duty under 29 U.S.C. § 1104(a) against Defendant/Third-Party Plaintiff HUB Parking Technology USA, Inc., the Plan Administrator for HUB Technology USA (Third-Party Defendant's former employer) for alleged unauthorized distribution of the proceeds of Third-Party Defendant's Retirement Savings Plan (401(k)) in the amount of $121,000.00, which was the subject of a Domestic Relations Order (DRO).  Under a Marriage Settlement Agreement in the divorce proceedings in state court, Third-Party Defendant was to distribute a lump sum payment of the proceeds of the 401(k) in the $121,000.00 to his ex-wife, Plaintiff.   On March 22, 2022, a Domestic Relations Order was sent to HUB and HUB then had two years to evaluate the Order and determine it if was a Qualified Domestic Relations Order (QDRO). During the evaluation period, on July 25, 2022, Third-Party Defendant wrongfully withdrew the entire amount of his 401(k), which, according to Plaintiff, was in breach of HUB's fiduciary duty as Plan Administrator. Third-Party Defendant Murphy was subsequently Ordered in his divorce proceedings to pay Plaintiff the $121,000.00 he wrongfully withdrew from the 401(k) (after a Motion to Enforce the Settlement Agreement was granted by State Court, which was amended on April 4, 2024, to allow Third-Party Defendant to make monthly payments in the amount of $1,250.00 until all proceeds were paid) for his violation of the terms of the Marriage Settlement Agreement.  Five installments have been made by Third-Party Defendant to Plaintiff to date. ECF Nos. 18-2 and 18-3.

Plaintiff contends in its one-count Complaint that HUB acted in violation of ERISA when it allowed the unauthorized distribution of the 401(k) to Third-Party Defendant, that it had a fiduciary duty to administer the Fund, which it failed to do in violation of 29 U.S.C. § 1104, and

that she has been damaged as a result thereof.  ECF No. 1.  Plaintiff seeks monetary damages, including pre and post judgment interest, attorney's fees and costs, and all relief to which she is entitled under ERISA Section 1132(a). Defendant HUB filed an Answer on July 25, 2024, and on August 8, 2024, HUB filed a Third-Party Complaint against Third-Party Defendant Murphy alleging a claim of unjust enrichment based upon 29 U.S.C. § 1132(a)(3).

Third-Party Defendant Murphy has now filed the instant Motion to Dismiss (ECF No. 18), claiming that HUB's claim for unjust enrichment is not based upon ERISA, but is instead based upon the violation of the State Court, where the action belongs; that HUB owes an independent duty to Plaintiff for which Third-Party Defendant Murphy is not liable, and paradoxically, that because the DRO was not "qualified," HUB has no liability to Plaintiff.

For its part, in its responsive briefing, HUB concedes that it should have segregated the funds until a determination was made as to whether the DRO was a QDRO, but that if HUB is held liable, Third-Party Defendant Murphy would be unjustly enriched if he is not required to "make HUB whole by repaying any amounts he wrongfully removed from the Plan." ECF No. 23.  HUB further argues that the claim for unjust enrichment is not merely based upon violation of a State Court Order, and that the existence of a valid QDRO does not negate the potential for liability in this matter.  This Court further notes that Plaintiff has not taken a position or filed a brief on the pending Motion to Dismiss.

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47

(1957)). Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted). The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013).

"While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009). In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

"In evaluating a motion to dismiss, [courts] may consider documents that are attached to or submitted with the complaint, Id. at 560, and any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed.2004). *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Third-Party Defendant Murphy requests, and this Court, has considered Exhibits 1 and 2 attached to the Motion to Dismiss, the exhibits attached to the Third-Party Complaint at ECF Nos. 10-1, 10-2 and the original Complaint at ECF No. 1-2, which are matters of public record/court orders.

There exists a dispute regarding whether Third-Party Plaintiff's claim for unjust enrichment pursuant to Section 1132(a)(3) is ultimately recoverable. *See Unum Life Ins. Co. of America v. Grourke*, 406 F.Supp.2d 524, 530-534 (M.D.Pa. 2005) (Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession); *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002). In *Grourke*, the Court set forth the unsettled state of the law on this issue:

> Following the Supreme Court's decision in *Knudson,* a split among the circuits has developed over how to determine the true nature of restitution sought in an ERISA action. In the minority view, the United States Courts of Appeals for the Sixth and Ninth Circuits have read *Knudson* to establish a broad prohibition under § 1132(a) (3) (B) on claims for restitution derived from the provisions of ERISA plans. *See, e.g., Qualchoice, Inc. v. Rowland,* 367 F.3d 638, 650 (6th Cir.2004), *cert. denied,* ___ U.S. ___, 125 S. Ct. 1639, 161 L. Ed. 2d 510 (Mar. 21, 2005). For the Sixth and Ninth Circuits, "the fact that the . . . claim originates in the plan's contract and seeks monetary damages is entirely determinative of whether the [plaintiff] is seeking relief that is permissible" under § 1132(a) (3) (B). *Scholastic Corp. v. Kassem,* 389 F. Supp. 2d 402, 409 (D.Conn. 2005). Conversely, the United States Courts of Appeals for the Fourth, Fifth, Seventh, and Tenth Circuits have construed the Court's

5

holding in *Knudson* narrowly. *See, e.g., Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough,* 354 F.3d 348, 356 (5th Cir.2003), *cert. denied,* 541 U.S. 1072, 124 S. Ct. 2412, 158 L. Ed. 2d 981 (2004); *see also Eldridge v. Wachovia Corp. Long-Term Disability Plan,* 383 F. Supp. 2d 1367, 1371 (N.D.Ga.2005) (outlining the circuit split). These circuits apply a three-part test for determining whether the remedy sought by a plan, or plan fiduciary, is typically equitable. The Fifth Circuit in *Bombardier* summarized the test as follows: "Does the Plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the Plan, and (3) that are within the possession and control of the defendant ***529** beneficiary?" *Bombardier,* 354 F.3d at 356.

The United States Court of Appeals for the Third Circuit has not definitively spoken on its interpretation of the holding in *Knudson,* however, it appears likely that the Court of Appeals will adopt the majority's three-part test. Notably, the Court of Appeals for the Third Circuit seems to have embraced the majority view in some of its unpublished opinions. *See, e.g., Michaels v. Michaels v. Breedlove,* No. 03-4891, 2004 WL 2809996*2, 2004 U.S.App. LEXIS 25165, *5-6 (3d Cir. Dec. 8, 2004) (distinguishing impermissible legal restitution from equitable restitution seeking recovery of money or property which "could clearly be traced to particular funds or property in the defendant's possession") (quoting *Knudson,* 534 U.S. at 213, 122 S.Ct. 708); *Sackman v. Teaneck Nursing Ctr.,* 86 Fed.Appx. 483, 485 (3d Cir.2003) (determining that the plaintiffs sought to impose an impermissible form of personal liability, as they failed to identify a specific block of money that passed from the fund to the defendants). In addition, the United States District Court for the Eastern District of Pennsylvania adopted the majority view, in *Godshall v. Franklin Mint Co.,* 285 F. Supp. 2d 628 (E.D.Pa.2003).

Even under the more lenient approach, however, a claim for equitable restitution must seek specifically identifiable property that is within the control or possession of the defendant. Notably, district courts have disagreed on what constitutes identifiable funds. The United States District Court for the Northern District of Georgia has stated that, "[w]here the subject proceeds have been received by a party and placed into that party's checking or savings account, rather than segregated into an identifiable fund or location, the funds are not 'specifically identifiable' for purposes of [§ 1132(a) (3) (B)]." *Eldridge,* 383 F. Supp. 2d at 1372 (citing *BlueCross BlueShield of South Carolina v. Carillo,* 372 F. Supp. 2d 628, 638 (N.D.Ga.2005)). In contrast, the United States District Court for the Southern District of Florida, in *Fick v. Metropolitan Life Ins. Co.,* 320 F. Supp. 2d 1314, determined that benefits received by the plaintiff from social security were "identified and able to be traced to social security benefit payments," and, therefore, the plan was entitled to raise a claim for overpayment of disability benefits under ERISA. *Fick,* 320 F. Supp. 2d at 1317. The Court need not determine, however, whether the alleged overpayment sought by UNUM is "identifiable",

6

>because UNUM has not submitted any evidence that the benefits provided to Mr. Grourke remain in his possession. *See Knudson,* 534 U.S. at 213-14, 122 S. Ct. 708 ("But where `the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor,' and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant].'") (quoting RESTATEMENT OF RESTITUTION § 215, cmt. a, at 867 (1936)).

*Grourke*, 406 F.Supp.2d at 530-534.

This Court notes, however, that the cases cited by Third-Party Defendant Murphy (listed above) are all in the context of motions for summary judgment, after the parties were able to fully develop the record, rather than, as here, at the motion to dismiss stage of the proceedings.

Accepting the well plead factual allegations as true, Third-Party Plaintiff/Defendant has set forth a plausible claim for equitable relief at this juncture and the parties may proceed with discovery.[2]  After discovery is complete, any party can file a Rule 56 motion asking this Court to grant summary judgment in favor of that party.  Based on the foregoing law and authority, the Court will DENY Third-Party Defendant's Motion to Dismiss without prejudice to raise the issues in the context of a Summary Judgment Motion at the appropriate time following discovery.

SO ORDERED, this 22nd day of October, 2024.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record

---

[2] To the extent, however, that HUB seeks personal liability for damages or compensatory damages for losses incurred (see ECF No. 10), that form of relief sought is not cognizable, but instead only an equitable lien for the amount of the funds readily identifiable is cognizable. *Montanile v. Bd. Of Trustees of Nat'l Elevator Industry Health Benefit Plan,* 577 U.S. 136, 142-147 (2016).